```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
                            ) CR 03-30033-MAP
       v.                   ) CA 07-30103-MAP
                            )
GREGORY THOMAS,             )
 Defendant                  )
```

## MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255
(Docket Nos. 1 & 108)

February 10, 2009

**PONSOR, D.J.**

On June 19, 2003, Defendant was charged in a two-count indictment with distributing cocaine base on January 16, 2003 and with distributing five or more grams of cocaine base on January 23, 2003. On July 2, 2003, the government filed an information pursuant to 21 U.S.C. § 851 to establish Defendant's prior convictions. After an early mistrial, Defendant was convicted on May 21, 2004, the jury finding him guilty on both counts. On February 25, 2005, Defendant, a career offender, was sentenced to 262 months imprisonment.

Defendant has filed a petition pursuant to 28 U.S.C. § 2255, raising multiple issues. The court addressed all these issues, except two, in a memorandum dated April 10, 2008 (Dkt. No. 9).

The first issue had to do with Defendant's claim that his jury was selected in an unconstitutional manner.  Although given an opportunity, Defendant has filed no support for this claim.

The second issue, offered pursuant to the First Circuit's opinion in <u>Owens v. United States</u>, 483 F.3d 48 (1st Cir. 2007), was to the effect that his counsel failed to inform him of his right to make his own decision about whether he wished to testify at trial.  With regard to this claim, the court received an affidavit from Defendant's trial counsel (Dkt. No. 13) and conducted an evidentiary hearing on September 12, 2008, at which both Defendant and trial counsel testified.

At the conclusion of this hearing, the court gave Defendant until November 14, 2008 to submit any supplemental material and the government until December 14, 2008 to respond.  The court indicated to Defendant that if, because of his transportation to a new facility, he was unable to submit the supplemental material, he could request an extension.  Since the September 12, 2008 hearing, nothing has been received from Defendant.

The court now finds, based on the credible testimony offered at the September 12, 2008 hearing, that Defendant's trial counsel did in fact fully inform him of his right to testify and of the fact that the decision with regard to his

testifying was his alone. Defense counsel wisely informed Defendant of the substantial risks he would face of being impeached with his substantial prior record if he did choose to testify, but she clearly let Defendant know that the decision was his. There was no violation of any right of the Defendant under <u>Owens</u>.

Based on the foregoing, Defendant's motion pursuant to 28 U.S.C. § 2255 in CR 03-30033 (Dkt. No. 108) is hereby DENIED, and the parallel civil petition in CA 07-30103 (Dkt. No. 1) is hereby ordered DISMISSED. The criminal case is already closed. The clerk is ordered to enter judgment for Respondent in the civil case; that case may now be closed as well.

It is So Ordered.

                                                <u>/s/ Michael A. Ponsor</u>
                                                MICHAEL A. PONSOR
                                                U. S. District Judge